# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Lorenzo Eugene Heard, Jr.,

    Defendant.

NO. 19-cr-161 (DSD/DTS)

**REPORT & RECOMMENDATION AND ORDER**

___

This matter is before the Court on the parties' pretrial motions (Dkt. Nos. 18-20, 22-25, 29, 43). In a letter dated July 22, 2019, Defendant Heard's then-counsel informed the Court that Heard wished to withdraw the one motion to suppress statements and requested the Court consider the remaining non-dispositive motions on the written submissions. Dkt. No. 32. These motions, including the Government's Motion for Discovery, are routine and the Court addresses them below without further discussion.

After waiving his Sixth Amendment right to counsel, Heard filed one additional motion, titled a "Notice of Removal Based on Diversity of Citizenship, Writ of Habeas Corpus According to 28 U.S.C. 1331." Dkt. No. 43. It is a nonsensical motion. It refers to admiralty law and the Roman Curia, accuses the police who arrested him of being "foreign commercial mercenaries," and contends that "crimes are contractual agreements." *See generally id.* The apparent upshot is that Heard challenges the jurisdiction of this Court and claims he is not subject to the criminal law identified in his indictment.[1]

___

[1] Because Heard is clearly requesting his release and challenges the jurisdiction of both law enforcement and this Court, the motion appears to be dispositive. Accordingly, this Court makes a report and recommendation, rather than an order, on its disposition.

Whatever the source of his beliefs, Heard's arguments are effectively the same as those brought by so-called sovereign citizens, who challenge the authority of the United States government because they contend it "operates illegitimately and outside the bounds of its jurisdiction." *Waters v. Madson*, 921 F.3d 725, 732 n. 4 (8th Cir. 2019). The Eighth Circuit has consistently rejected such arguments, finding them "meritless," "absurd" and "entirely frivolous." *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993); *see also United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *United States v. Kruger*, 923 F.2d 587, 587-88 (8th Cir. 1991); *United States v. Garcia*, 684 F. App'x 589 (8th Cir. 2017) (rejecting defendant's argument that "he is a 'private, sovereign, flesh and blood man.'"). This Court agrees and recommends Heard's motion be denied.

## RECOMMENDATION

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, hereby RECOMMENDS THAT:

1. Defendant's Motion, "Notice of Removal Based on Diversity of Citizenship, Writ of Habeas Corpus According to 28 U.S.C. 1331" [Dkt. No. 43], be DENIED.

## ORDER

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. The Government's Motion for Discovery [Dkt. No. 29] is GRANTED. Defendant shall comply with Rules 16(b), 12.1, 12.2, 12.3, and 26.2 of the Federal Rules of Criminal Procedure.

2. Defendant's Motion for Participation by Counsel in Voir Dire [Dkt. No. 18] is DENIED WITHOUT PREJUDICE. The parties may address this matter with the District Judge.

3. Defendant's Motion for Retention of Rough Notes [Dkt. No. 19] is GRANTED. The Government need not produce or disclose the rough notes at this time.

4. Defendant's Motion for Pretrial Disclosure of 404(b) Evidence [Dkt. No. 20] is DENIED AS MOOT based upon the Government's representation that it shall disclose any then-known 404(b) evidence no later than fourteen days before trial and update its disclosures as necessary. The denial is without prejudice.

5. Defendant's Motion to Compel Production of *Brady* and *Giglio* Evidence [Dkt. No. 22] is DENIED AS MOOT based upon the Government's representation that is complying, and will continue to comply, with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. This denial is without prejudice.

6. Defendant's Motion for Early Disclosure of Jencks Act Material [Dkt. No. 23] is DENIED AS MOOT based upon the Government's representation that it will seek a reciprocal exchange of such material three days before trial. This denial is without prejudice.

7. Defendant's Motion for Discovery [Dkt. No. 24] is GRANTED. The Government shall comply with its obligations under Rule 16 of the Federal Rules of Criminal Procedure. If experts are used in this case, all expert disclosures shall be made reciprocally no later than 14 days before trial.

8. Defendant's Motion to File Later Motions for Good Cause [Dkt. No. 25] is DENIED AS MOOT. The Court previously gave Defendant time to file motions after he waived his right to counsel. This denial is without prejudice.

Dated: Aug. 26, 2019

s/David T. Schultz  
DAVID T. SCHULTZ  
United States Magistrate Judge